UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEICHERT REAL ESTATE AFFILIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CKM16, INC., CLIFFORD C. MURPHY, AND KIMBERLY F. MURPHY, <br><br> Defendants. | Civil Action No.: 17-4824 (WJM) <br><br><br> OPINION |

**FALK, U.S.M.J.**

This is a breach of a franchise agreement case. The parties disagree where the case should proceed. Plaintiff claims that the case should be venued in New Jersey, both independently and as the result of a forum selection clause. Defendants counter that the forum selection clause is invalid and that the case should proceed in California. Before the Court is Defendants' motion to dismiss or transfer pursuant to 28 U.S.C. § 1406(a), or in the alternative, to transfer to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a). [ECF No. 9] For the reasons set forth below, the motion is **DENIED**.

# FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff, Weichert Real Estate Affiliates, Inc. ("WREA"), is a Delaware corporation with its principal place of business in Morris Plains, New Jersey. WREA is engaged in franchising real estate brokerage offices throughout the United States. Defendant CKM16, Inc. is a California corporation with its principal place of business in California. Defendants Clifford C. Murphy and Kimberly F. Murphy are individuals who reside in Fallbrook, California.

On about January 5, 2015, WREA entered into a Franchise Agreement with CKM16 to license and operate a Weichert® real estate brokerage office in Fallbrook, California. Effective on the date of Franchise Agreement, the Murphys also provided WREA with a personal guarantee of CKM16's obligations under the Franchise Agreement. The Franchise Agreement, which obligates CKM16 to operate a franchise for 10 years, contains numerous contractual terms, including but not limited to, an initial franchise fee, minimum and maximum monthly marketing fees, and a minimum royalty fee. Also, the Franchise Agreement contains forum selection and choice of law provisions, while the Guaranty has a consent to jurisdiction clause.

The forum selection provisions state:

**28.04  Venue**

---

[1] The following is drawn from the Complaint and the parties' briefs and declarations. Citations are largely omitted.

**A.** You agree to institute any litigation that you may commence out of or related to this agreement; any breach of this Agreement; the relations between the parties; and, any and all disputes between the parties, whether sounding in contract, tort, or otherwise, exclusively in a court of competent jurisdiction which is either a New Jersey state court in Morristown, New Jersey or the United States District Court for the District of New Jersey in Newark, New Jersey. You agree that any dispute as to the venue for any litigation you institute will be submitted to and resolved exclusively by either a New Jersey state court in Morristown, New Jersey or the United States District Court for the District of New Jersey in Newark, New Jersey. You hereby waive and covenant never to assert or claim that this venue is for any reason improper, inconvenient, prejudicial or otherwise inappropriate . . . .

**B.** You further agree that we may institute any litigation that we commence arising out of or related to this Agreement; any breach of the Agreement; the relations between the parties; and, any and all disputes between the parties, whether sounding in contract, tort, or otherwise, in any court of competent jurisdiction, wherever situated, that we select. You agree that any dispute as to the venue for the litigation we institute will be submitted to and resolved exclusively by the court of competent jurisdiction in which we commenced the litigation. You hereby waive and covenant never to assert or claim that this venue is for any reason improper, inconvenient, prejudicial, or otherwise inappropriate . . . .

(Declaration of Evan Goldman, Esq., Ex. G, at pp. 53-54, § 28.04.)

The Guarantee states:

> Franchisor may institute any litigation that it commences arising out of, or, related to this Guarantee or the Franchise Agreement; any breach of this Guarantee or the Franchise Agreement; the relations between the parties, and, any and all disputes between the parties whether sounding in contract, tort, or otherwise, in any court of competent jurisdiction

wherever situated that Franchisor selects.

(Certification of Les Shoaf, ¶ 13, Ex. B.)

The Franchise Agreement also contains a choice of law provision:

**28.03   Governing Law**

> This Agreement; all relations between the parties; and, any and all disputes between the parties, whether sounding in contract, tort, or otherwise, is to be exclusively construed in accordance with and/or governed by . . . the law of the State of New Jersey without recourse to New Jersey (or any other) choice of law or conflicts principles . . . .

(Goldman Cert., Ex. G.)

On March 17, 2017, Plaintiff alleges that Defendants improperly and unilaterally terminated the Franchise Agreement. According to Plaintiff, the premature termination requires Defendants to pay any outstanding franchise fees, as well as liquidated damages in the amount of at least $193,547.86.

On June 29, 2017, Plaintiff filed the present six count Complaint, alleging (1) breach of the franchise agreement; (2) breach of guarantee; (3) unjust enrichment; (4) book account; (5) account stated; and (6) accounting.

**Present Motion**

On August 10, 2017, Defendants filed the present motion to dismiss or transfer pursuant to 28 U.S.C. § 1406. In the alternative, Defendants request a transfer to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. § 1404.

Defendants contend that the forum provisions cited above are invalid because they violate California state law—specifically, the California Franchise Relations Act ("CFRA") § 20040.5[2] and California Franchise Investment Law ("CFIL"), Cal. Corp. Code § 31512 (providing that, "any condition, stipulation or provision purporting to bind any person acquiring a franchise to waive any compliance with any provision of this law or any rule or order hereunder is void."). According to Defendants, Plaintiff executed certain "California Addendum" documents during the Franchise Agreement negotiation that acknowledge that Agreement language conflicting with California law might be rendered void. *See* Goldman Cert., Ex. F ("The Franchise Agreement requires venue to be limited to New Jersey. This provision may not be enforceable under California Law."). Finally, Defendants contend that, even if the forum selection provisions were valid, this case should nevertheless be transferred to California pursuant to 28 U.S.C. § 1404.

Plaintiff counters that the forum selection provisions are valid and enforceable and that California law does not apply. Plaintiff further contends that, regardless of California

---

[2] This section provides:
> A provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state.

law and the forum selection provisions, venue is independently proper in New Jersey pursuant to 28 U.S.C. § 1391, and that Defendants have not met their burden to show that this case should be transferred pursuant to 28 U.S.C. § 1404.

## DISCUSSION

**A.    Section 1406 vs. Section 1404**

In federal court, two statutes relate to transfer of a case:  28 U.S.C. § 1404(a) and 28 U.S.C. § 1406.  Section 1404(a) provides for the transfer of a case where both the original and requested venue are *proper*.  *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).  Section 1406, on the other hand, applies where the *original venue is improper* and provides for either transfer or dismissal of the case.  *See id.; see also* 15 Charles A. Wright et al., *Federal Practice and Procedure* § 3827 (2d ed. 1986) ("A prerequisite to invoking § 1406(a) is that the venue must be improper.  The statue speaks of a case laying venue in the wrong division or district.  If the original forum was a proper venue, § 1406(a) cannot apply and 28 U.S.C. § 1404(a) is the relevant statute.").

Here, the parties argue in great detail whether venue is proper in the District of New Jersey pursuant to the forum selection provisions.  Indeed, the primary focus of much of  Defendants' argument is that the forum selection provisions are unenforceable because they conflict with California law, rendering New Jersey an improper forum.  However, before determining which transfer section applies, the first step is to determine whether venue is proper in the original forum—that is, New Jersey—*without* reference to

the forum selection clause. If venue is proper in New Jersey, then Section 1404 applies. If venue is improper in New Jersey, then Section 1406 applies.

The United States Supreme Court has held that a determination of whether venue is "improper" is determined solely by reference to the federal venue statute—28 U.S.C. § 1391—and "whether the parties entered into a contract containing *a forum-selection provision has no bearing* on whether a case falls into one of the categories of cases listed in § 1391(b)." *Atlantic Marine Constr. Co. v. U.S. District Court for the Western District of Texas*, 134 S. Ct. 568 (2013) (emphasis added).

In other words, the first question in this case is whether venue is proper in this District pursuant to Section 1391(b). If the answer is yes, then Defendants' motion under Section 1406 must be denied. The Court can then consider whether transfer is appropriate, and whether the forum selection provisions are enforceable, in the context of the alternative request to transfer pursuant to Section 1404(a). If the answer is that venue is not proper in New Jersey pursuant to Section 1391, then the case may be dismissed or transferred pursuant to Section 1406. *See, e.g.*, *Howmedica Osteonics Corp. v. DJO Global, Inc.*, 2017 WL 1136671, at *3 (D.N.J. Mar. 27, 2017). At this initial stage—whether venue is proper in New Jersey—the forum selection provisions are irrelevant. *See id.* at *3 ("In *Atlantic Marine*, the Supreme Court made clear that forum selection clauses have no impact on whether a venue is improper; venue is determined exclusively by federal venue laws. As a result, the . . . the forum selection clauses have

no bearing on the Court's venue analysis.").

B. <u>**Venue is Proper in New Jersey**</u>

Plaintiff alleges that venue is proper in New Jersey pursuant to 28 U.S.C. § 1391(b)(2). This section provides that: a civil action may be brought in . . . "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." *Id*.

According to the Third Circuit, "the test for determining venue under [Section 1391(b)(2)] is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim." *Cottmann Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). "In assessing whether events or omissions giving rise to a claim are substantial, it is necessary to look at the nature of the dispute." *Id*. The "events or omissions" must be substantial, and only a "tangential connection" with the dispute is not sufficient to support venue under Section 1391(b)(2). *Id*.

With respect to breach of contract of claims, like those here, "courts considering substantial events or omissions may take into account where the contract was negotiated, executed, performed, and breached." *Stalwart Capital, LLC v. Warren St. Partners, LLC*, 2012 WL 1534467, at *4 (D.N.J. 2012); *see also Cottmann*, 36 F.3d at 295 (considering where contract on which Plaintiff based its claims was executed and performed and where

defendant failed to return various materials and remit payment). More than one forum may be appropriate, and a plaintiff is not required to chose the most convenient forum for the defendant. *See Cottmann*, 36 F.3d at 295. The burden of proving that venue is improper rests with the movant. *See Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982); *see also Great Western Min. & Mineral Co. v. ADR Options, Inc.*, 434 Fed. Appx. 83, 86 (3d Cir. 2011) ("Because improper venue is an affirmative defense, the burden of proving lack of proper venue remains—at all times—with the defendant").

Defendants have not met their burden to show that venue is improper in New Jersey. Defendants do not explicitly argue the propriety of venue in New Jersey under Section 1391(b)(2). Defendants instead argue that venue is improper because the forum selection provision setting venue in New Jersey is invalidated by California law. (*See, e.g.*, Defs.' Br. 5-12; Defs.' Reply Br. 1-6.)[3] However, as has been explained, the presence of forum selection clauses is not relevant to the question of Section 1391 venue. *See, e.g.*, *Howmedica Osteonics Corp.*, 2011 WL 1136671, at *3.

In contrast, Plaintiff has detailed how a substantial part of the events or omissions giving rise to the claims in this case occurred in New Jersey for purposes of Section 1391(b)(2):

- In November 2014, Defendants came to Plaintiff's corporate headquarters in Morris Plains, New Jersey to attend WREA's

---

[3] Defendants identify certain alleged California connections, but do so in the context of Section 1404(a), not Section 1391(b)(2). (*See* Pl.'s Br. 15-16.)

franchise sales presentation. (*See* Shoaf Cert., ¶ 3);

- Defendants received a comprehensive presentation related to WREA's business, toured WREA's New Jersey headquarters, and met with various members of WREA's corporate departments (*id.* ¶ 4), and had dinner in New Jersey with WREA's then President, Martin J. Reuter, to discuss the terms of their franchise agreement (*id.* ¶ 5);

- Plaintiff executed the franchise agreement, and its ancillary documents, at WREA's New Jersey headquarters (*id.* ¶¶ 1, 9);

- During the life of the franchise agreement, Defendants traveled to the New Jersey headquarters and participated in WREA's management academy in New Jersey (¶ 15);

- Virtually all of the services rendered under the franchise agreement were rendered from New Jersey headquarters, including, contract administration, billing, marketing, advertising, training, and support (*id.*);

- New Jersey is where the franchise agreement was negotiated and drafted, where services were rendered during the life of the agreement, where at least part of the agreement was executed, where the pecuniary injury to WREA took place, and where the injured party resides. (Pl.'s Br. 16.)

- New Jersey is also where the franchise agreement was at least in part breached (e.g., where the payments were due and allegedly not made) (Pl.'s Br. 16; Compl., ¶¶ 13, 15, 19, 28-29.)

Section 1391(b)(2) requires a "substantial" portion of the events underlying the claims occur in this judicial district. Based on the above, Plaintiff has shown a deep connection between the claims in the Complaint and New Jersey, which is not effectively rebutted. Therefore, venue is proper in the District of New Jersey. As a result,

Defendants' motion to dismiss or transfer for improper venue under Section 1406 is **DENIED**.

C.      **Transfer Pursuant to Section 1404(a)**

Having determined that venue is proper in New Jersey, the question turns to Defendants' alternative request for a discretionary transfer to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) confers federal courts with authority to transfer a case to another district "where it may have been brought," when doing so is "in the interest of justice" and serves "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). The decision to transfer a case under § 1404(a) is a discretionary one committed to the sound discretion of a district court. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973); *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000). The purpose of section 1404(a) "is to prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expenses . . . .'" *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 479 (D.N.J. 1993) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

There is no definitive formula or list of the factors to consider when deciding a motion to transfer. *Landmark Fin. Corp. v. Fresenus Med. Care Holdings, Inc.*, 2010 WL 715454, at *2 (D.N.J. Mar. 1, 2010). However, the Third Circuit has articulated certain "public" and "private" interests implicated by § 1404(a). The private interests include:

(1) the plaintiff's preferred forum as expressed by the original forum choice; (2) the defendant's preference (3) where the claim arose; (4) the convenience of the parties; (5) the convenience and availability of witnesses; and 6) the location of books and records. *See Jumara*, 55 F.3d at 879.  The public interests include: (1) enforceability of the Court's judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the level of congestion in the respective forums, (4) the local interest in deciding local controversies at home; (5) the public policies of the forum; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  *Id*.  The burden of establishing the "need to transfer rests with the movant to show that the balance of the parties and witnesses strongly favors the defendants."  *Medtronic, Inc. v. Boston Scientific Corp.*, 587 F. Supp. 2d 648, 654 (D. Del. 2008); *CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 643 (D.N.J. 2004).

**D.**     **Presence of Forum Selection Provisions**

When "a forum selection provision enters the picture," "the weighing of the private and public interests under Section 1404 *change*," and the forum selection provision becomes a powerful consideration.  *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) (emphasis added).  As the Supreme Court explained in *Atlantic Marine*, the presence of a valid forum selection provision should almost always, absent "exceptional circumstances," result in the case proceeding in the designated forum. *See Altantic Marine*, 134 S. Ct. at 581.  Moreover, *Atlantic Marine* directs that a valid

forum selection provision precludes the Court from considering the parties' private interests—traditional transfer considerations—and instead requires that all private interests be deemed to weigh entirely in favor of the selected forum. *See id.* at 581-82; *see also In re Howmedica*, 867 F.3d at 402.

Applying these principles here, if the forum selection provisions are valid, the parties' private interests are not considered and, absent "exceptional circumstances," the case would proceed in New Jersey. If the forum selection provisions at issue are, however, invalid, then the question becomes whether a complete Section 1404(a) analysis, weighing both the public and private factors, should result in a transfer to the Southern District of California.

As is explained below, the Court believes that the forum selection provisions are valid and enforceable and that, pursuant to *Atlantic Marine*, the case should proceed in Plaintiff's chosen forum. However, even if the forum selection provisions were invalid and all public and private factors were on the table for *de novo* consideration, the Court would still deny the motion for Section 1404 transfer, as Defendants have not carried their burden to show that the convenience of the parties and the interests of justice support transfer of this case.

E.    **Analysis under the Transfer Standard**

　　　i.    **Is there a Valid Forum Selection Provision?**

"In federal court, the effect to be given to a contractual forum selection clause . . .

is determined by federal not state law . . . because questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature . . . ." *Jumara*, 55 F.3d at 877. "Under federal law, forum selection clauses are presumptively valid and enforceable, 'unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" *Maaco Franchising, Inc. v. Tainter*, 2013 WL 2475566, at *3-5 (E.D. Pa. June 10, 2013) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Therefore, "a forum selection clause will be invalidated only if the resisting party can show (1) the clause was invalid for such reasons as fraud or overreaching, . . . (2) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, or (3) that enforcement of the clause would be so gravely difficult and inconvenient as to be unreasonable and unjust and deprive the party of its day in court." *Id.*

Defendants contend that the subject clauses are invalid and uneforceable because the CFRA and CFIL (1) amend the Franchise Agreement to render it void as a matter of contract law; (2) render it invalid because the clause violates California's strong public policy against requiring California franchisees to litigate outside of California; and (3) there was no meeting of the minds on the forum selection provision because Plaintiff acknowledged that the forum selection clause may not be enforceable, and that it was subject to state (i.e., California) law. (Defs.' Br. 5.)

*Bremen* supports invalidating a forum selection provision when there is (1) fraud

or overreach, (2) when enforcement would contravene the public policy of the forum in which the suit is brought, and (3) when enforcement would be so severely prejudicial as to deny a party its day in court. None of these factors are met here.

With respect to the first *Bremen* factor, Defendants negotiated the terms of the Franchise Agreement and Guarantee. They traveled to New Jersey to discuss the terms of the Agreement and meet with members of Plaintiff's corporate team and receive training. The forum selection provisions are prominent in both the Agreement and the Guarantee, and there is no allegation of fraud or overreach with respect to either provision. Moreover, the presence of the forum selection provisions, and the prior dealings between the parties, constitute ample notice that Plaintiff could seek to litigate this matter in New Jersey should a dispute arise.

The second *Bremen* factor involves public policy. However, contrary to Defendants' lengthy arguments about California law, *Bremen* is concerned about the public policy "of the forum in which the suit was brought." 407 U.S. at 10. Here, this means the focus is on the public policy of *New Jersey*, not California. When that distinction is highlighted, it becomes clear why a number of district courts have continued to enforce forum selection provisions against California franchisees, despite the same California laws Defendants rely on in this case. *See, e.g.*, *Maaco Franchising*, 2013 WL 2475566, at *3-5 (finding California law inapplicable and enforcing forum selection provisions setting venue in Pennsylvania); *TGI Friday's, Inc. v. Great Nw. Rests., Inc.,*

652 F. Supp. 2d 750, 760 n.9 (N.D. Tex. 2009) ("The only argument defendants make concerning the enforceability of the forum selection clause is that it is void under California law . . . Defendants do not explain in any detail why this Court should apply California law to void a franchise agreement that provides that Texas law applies to all matters relating to the agreement, and that Texas is the forum for any disputes relating to the agreement); *Hoodz Int'l, LLC v. Toschiaddi*, 2012 WL 883912, at *4 (E.D. Mich. Mar. 14, 2012) ("As an initial matter, defendants fail to articulate why the venue question implicates [Section 20040.5] or any other California law, in the context of this dispute. The relevant contracts expressly state that they should be interpreted under Michigan law.").

Defendants contend that New Jersey and California public policy are the same—that is, both states would invalid forum selection provisions require franchisees to litigate outside of their home state. However, that is not the issue in this case. The question in this case is whether a New Jersey franchisor should be permitted to litigate in its home forum against a California franchisee. No New Jersey law or clear public policy touches on that issue. Moreover, going a step further, the forum selection provision that directly applies in *this* case is Section 28.04(B) of the Franchise Agreement, *see page 3, supra*, which states only that the Franchisor may file suit in a forum of its choice. It does not restrict a forum to one outside of California. Thus, the plain language of that provision does not conflict with California law, even if it applied.

Finally, Defendants do not make a showing under the third *Bremen* factor, that litigating in New Jersey would be so gravely difficult as to deny them their day in Court.

For these reasons, the forum selection provision at issue in this case is valid.

### ii. <u>**Modified Transfer Analysis**</u>

Having established that there is a valid forum selection provision in this case, the traditional transfer analysis changes. *See* Section D, *supra*. The private interest factors are not properly considered, and are deemed to weigh in favor of Plaintiff's selected forum, i.e., New Jersey. *See Atlantic Marine*, 134 S. Ct. at 581-82; *see also In re Howmedica*, 867 F.3d at 402. That leaves the public interest factors as the sole consideration, and only under "extraordinary circumstances" will the public factors alone support transfer of a case. *In re Howmedica*, 867 F.3d at 406.

This case is certainly a serious matter to the individuals involved; the Court does not suggest otherwise. However, within the contemplation of the *Atlantic Marine* framework, it is not an exceptional case with extraordinary circumstances that would support transfer to California despite the presence of a valid forum selection provision. It is a straightforward breach of franchise agreement case.

Defendants' brief reference to the public interest factors does not support transfer. There is nothing to suggest that public policies of the respective forums weigh for or against either party—New Jersey has an interest in protecting its businesses and California the same. Similarly unpersuasive is Defendants' contention that California-

based courts are better situated to address California law, to the extent it applies. *See Atl. Marine*, 134 S. Ct. at 584 ("federal judges routinely apply the law of the state other than the state in which they sit."). In short, there is simply nothing unique about the facts of the case or the public interests involved that would support the exceptional act of transferring this case despite the presence of a valid forum selection clause. Accordingly, Defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) is **DENIED**.[4]

---

[4] Even if the forum selection clauses are somehow invalid, which has not been established, the motion to transfer would still be denied, as Defendants have not shown that even a traditional Section 1404(a) transfer analysis would support transfer of the case to the Southern District of California. Specifically, a plaintiff's choice of venue is generally entitled to substantial deference, especially when it files suit in its home forum. *Shutte v. Armco Stell Co.*, 431 F.2d 22, 24 (3d Cir. 1970). Plaintiff has its principal place of business in New Jersey and has elected to file suit here. No reason has been shown why that decision should not be entitled to legitimate deference.

Moreover, both sides have raised convenience of party and witness issues that place them in relative equipoise. Wherever the case is located, one party would be required to travel. Similarly, Plaintiff claims its witnesses are in New Jersey and Defendants claim their witnesses are in California. It is true that Plaintiff is a large company and Defendants are individuals; however, transfer is not about shifting the inconvenience from the party being sued to the party suing. *See, e.g.*, *Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 446 (E.D. Pa. 1999) ("the purpose of transfer is not to shift the inconvenience from one party to other. [T]he defendant must show that its alternative forum is more convenient.").

## CONCLUSION

For the reasons stated above, venue is proper in New Jersey and Defendants' motion to transfer or dismiss pursuant to 28 U.S.C. § 1406 is **DENIED**. Further, Defendants' alternative request to transfer pursuant to 28 U.S.C. § 1404(a) is **DENIED**.

**s/Mark Falk**
**MARK FALK**
**United States Magistrate Judge**

**Dated: January 31, 2018**